UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROGER JAMES ZORN, SR.,
    Plaintiff,

v.                                                Case No.:  5:23cv134/TKW/ZCB

SOCIAL SECURITY
ADMINISTRATION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* complaint seeking judicial review of the Social Security Administration's denial of his claim for disability benefits. (Doc. 2). Because it does not appear that the Social Security Administration has made a final decision regarding Plaintiff's claim for benefits, the Court lacks jurisdiction over this matter. Accordingly, this matter should be dismissed.

### I.    Background

Plaintiff filed a complaint naming the Social Security Administration as the only defendant. (Doc. 2 at 1). Based on the attachments to Plaintiff's complaint, it appears Plaintiff applied for Social Security disability insurance benefits and was denied. (Doc. 2 at 5-10); *see also* (Doc. 2-2 at 4). He now seeks review of that decision. (*See* Doc. 2 at 1-3; Doc. 2-1 at 7 (seeking Social Security benefits as a remedy); Doc. 2-2 (using the complaint form for review of an adverse Social

1

Security decision)). When asked whether he had received notice of a "final decision" by the Social Security Administration, Plaintiff has repeatedly stated that no final decision has been made. (Doc. 2-2 at 4) ("I'm waiting on their decision."); (*id.*) ("My appeal decision has not been made yet."); (*id.*) ("My appeal decision is still going on now."); *see also* (*id.* at 6) ("They have not decided yet."); (*id.*) (writing "not made yet" when asked about a hearing before an Administrative Law Judge).

After an initial review of the complaint, the Court issued an order requiring Plaintiff to show cause as to why this case should not be dismissed for lack of jurisdiction. (Doc. 7). The Court advised Plaintiff that to avoid a recommendation of dismissal he needed to show that the Social Security Administration had made a "final decision" regarding his claim for benefits. (*Id.* at 3). Plaintiff has responded to the Court's order to show cause, but he has not shown that a "final decision" was made by the Social Security Administration. (Doc. 8). Instead, Plaintiff reiterated the arguments in his complaint and expressed his desire for an attorney. (*Id.* at 1-3).

## II. Discussion

Federal judicial review of a disability benefits decision by the Social Security Administration is provided for in 42 U.S.C. § 405(g). That provision states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

2

notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The statute further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Thus, a plaintiff may only bring an action against the Social Security Administration regarding a disability benefits claim after the Commissioner has made a "final decision" on the claim.[1] In the absence of a "final decision" from the Social Security Administration, this Court lacks jurisdiction to review a plaintiff's complaint regarding the denial of Social Security benefits. *See, e.g.*, *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012) (affirming dismissal for lack of subject matter jurisdiction and stating that a "district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits review only after any final decision of the Commissioner of Social Security made after a hearing") (cleaned up).

---

[1] The authority to determine what constitutes a "final decision" rests with the Commissioner. *Sims v. Apfel*, 530 U.S. 103, 106 (2000). The Commissioner requires a Social Security claimant to complete each step in the administrative review process before seeking judicial review. *See* 20 C.F.R. §§ 408.1000, 416.1400. The administrative process includes: (1) the initial determination; (2) a request for reconsideration (informal appeal); (3) a hearing before an Administrative Law Judge; and (4) Appeals Council review. *Id.*

3

Plaintiff admits in his complaint that the administrative appeals process with the Social Security Administration is ongoing. And in response to the Court's show cause order, Plaintiff has provided documentation from the Social Security Administration advising Plaintiff of his right to request a hearing before an Administrative Law Judge. (Doc. 8 at 7). This Court cannot exercise jurisdiction until after an Administrative Law Judge has held a hearing and issued a decision. Plaintiff, therefore, has failed to show a "final decision" has been made on his claim for Social Security benefits. (Docs. 7, 8).

Based on the information in the record, this Court lacks subject matter jurisdiction at this time to review Plaintiff's entitlement to Social Security benefits.[2] *See, e.g.*, *Cruzado v. Comm'r of Soc. Sec. Admin.*, No. 22-22583-CV, 2022 WL 10169761, at *3 (S.D. Fla. Sept. 29, 2022) (explaining that there was no subject matter jurisdiction over the plaintiff's complaint against the Social Security Administration because the administrative process had not been completed). Plaintiff's complaint, therefore, must be dismissed. *See, e.g.*, *Severe-Smith v. Kijakazi*, No. 0:22cv61451, 2022 WL 16856271 (S.D. Fla. Nov. 10, 2022) (dismissing the plaintiff's complaint because it did "not unambiguously establish that Plaintiff has exhausted the administrative review process" and, therefore, "the

---

[2] A federal court is "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

4

Court lacks jurisdiction" over the case); *Mans v. Soc. Sec. Admin.*, No. 1:11cv224, 2012 WL 602716 (N.D. Fla. Feb. 24, 2012) (adopting the magistrate judge's report and recommendation recommending dismissal for lack of subject matter jurisdiction because the plaintiff failed to demonstrate that he had exhausted the administrative review process with the Social Security Administration).

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. All pending motions be **DENIED as moot**.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 7th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**